## BOHLE, Appellant, v. KING, BRINSMADE MERCANTILE COMPANY, Respondent.

### St. Louis Court of Appeals, October 31, 1905.

PRACTICE: Setting Aside Verdict: Weight of Evidence: Appellate Practice. In was the duty of the trial judge to set aside a verdict when he thought it was contrary to the weight of evidence, and, where there was a substantial conflict in the evidence, his ruling in that regard will not be disturbed by the appellate court.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald,* Judge.

AFFIRMED AND REMANDED.

*Edward N. Robinson* and *Anderson & Karbe* for appellant.

The court erred in sustaining respondent's motion for a new trial upon the ground that the verdict was against the weight of the evidence. Every fact essential to a recovery was supported by the evidence. Stagg v. Edward Westen Tea & Spice Co., 169 Mo. 489; Dallemand v. Saalfeldt, 175 Ill. 310.

*A. & J. F. Lee* for respondent.

The court committed no error in sustaining the motion for new trial on the ground that the verdict was against the weight of evidence, because this ground of objection was well founded, and the action of the court upon the motion is one of the matters within the discretion of the trial judge. State ex rel. Todd, 92 Mo. App. 4.

GOODE, J.—Plaintiff's husband was killed while in the employ of the defendant company, August 20, 1903, and this action was brought to recover damages for his death, alleged to have been due to the defendant's negligence. The accident occurred in the evening about 7:40 o'clock. Defendant is engaged in the wholesale millinery business. The tendency of the evidence for the plaintiff was to prove that just prior to his death the deceased was working on the fourth floor of the building occupied by the defendant as its place of business; that during the day he had been ordered by the vice-president of the company to come back to work in the evening; that the vice-president told the deceased to use elevator No. 3, the one on which he was hurt, as there would be nobody using it that evening; that as the elevator ascended Bohle went to the elevator shaft to stop it for the purpose of loading boxes, but in some manner was caught by the elevator and carried upward until his back struck the elevator gate, when he fell to the basement and was killed.

The acts of negligence alleged are: first, not posting notices giving warning of the dangerous character of the elevator; second, ordering Bohle to use the elevator when he was known to be inexperienced in such work and ignorant of the dangers incident to it, and, third, not having a competent operator in charge of it. A certain ordinance of the city of St. Louis, providing that all persons running cars or elevators shall be competent operators, was pleaded in the petition, and a violation of that ordinance alleged.

The answer was a plea of contributory negligence, averring that the deceased hurt himself by carelessly taking a dangerous position in the elevator and carelessly starting it while it was at rest and he in the dangerous position.

The trial resulted in a verdict in plaintiff's favor for $2,500, which the court afterwards set aside for two reasons: that the verdict was against the weight of the

evidence, and that the court erred in giving a certain instruction. Plaintiff appealed from the order granting a new trial.

As to the second ground on which the new trial was granted, it is contended that if it should be conceded the particular instruction held by the court to be erroneous was in fact erroneous, in that it assumed the truth of a disputed fact, it was cured by other instructions. We need not go into this question, for it is patent the ruling of the court below must be sustained. The first ground on which the verdict was set aside and a new trial ordered is that the finding of the jury was against the weight of the evidence. If there was a substantial conflict in the evidence, the judge had the right to grant a new trial if he thought the verdict was contrary to the weight of the evidence, and it was his duty to do so. The evidence was by no means uniform as to the main issues. One fact in dispute was whether or not the vice-president ordered the deceased to use the particular elevator on which he was hurt and which is said not to have been in charge of a competent operator. One of the plaintiff's witnesses testified positively that Crandall, the vice-president, gave such an order; whereas Crandall himself, and other witnesses, gave testimony going to show he did not. In fact the testimony of Murray, the main witness for the plaintiff, was contradicted in several important particulars. He swore Bohle was at work on the fourth floor when he got caught by the elevator, and fell from that floor to the bottom of the shaft. There was testimony to prove that Bohle was not on the fourth floor at the time, but on the fifth floor, and that Murray did not witness the accident.

The judgment is affirmed and the cause remanded. All concur.